UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEGUNDO BYRON SAQUINGA LEMA,

Petitioner,

-against-

HAYNES, *et al.*,

Respondents.

**ORDER**

26-cv-07115 (ER)

EDGARDO RAMOS, United States District Judge:

Segundo Byron Saquinga Lema brought this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on August 20, 2026. Doc. 1. That same day, the Court ordered the government to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the government asserts the authority to detain the Petitioner, and (3) if the asserted basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026). Doc. 3.

The government filed the response letter on August 24, 2026. Doc. 7. In the letter, the government concedes that venue is proper because the Petitioner was in the Southern District of New York when the Petition was filed. *Id.* at 1. The government also asserts that "ICE takes the position that Petitioner is currently subject to detention under 8 U.S.C. § 1225(b)(2)(A), given that he was previously apprehended at the border within 14 days and 100 miles of the border." *Id.* However, the government explains that, "despite ICE's assertion of authority under § 1225(b)(2)(A)," "the Department of Justice agrees that Petitioner's detention is likely governed by 8 U.S.C. § 1226(a)" under *Barbosa da Cunha* and this Court's previous decisions. *Id.* at 2–4

(citing *Liu v. Almodovar*, No. 25-cv-9256 (ER), 2025 WL 3458633 (S.D.N.Y. Dec. 2, 2025); *Sarzosa-Defaz v. Acting Field Office Director of New York Immigration & Customs Enforcement,* No. 26-cv-6604 (ER), 2026 WL 2426512, at *1 (S.D.N.Y. Aug. 19, 2026)). The government also clarifies that "[a]lthough ICE lodged a detainer on the same date as Petitioner's criminal arrest, and decided to arrest and detain Petitioner due to his recent criminal arrest," it "is not asserting that an individualized assessment of flight risk or danger to the community was done under what is required for 8 U.S.C. § 1226(a)." *Id.* at 4 (citation omitted). Therefore, the government concedes that "this case is not materially distinguishable from *Garcia Montalban v. Genalo*, 832 F. Supp. 3d 330, 337 (S.D.N.Y. 2026), and that immediate release is the proper remedy." *Id.* Consistent with this view, the government recommends that the Court grant the Petition. *Id.* at 2.

The Petition is therefore GRANTED for the reasons set forth in the government's letter. The government is directed to immediately release the Petitioner from custody and certify compliance with the Court's order by filing an entry on the docket no later than August 26, 2026, at 12:00 p.m. The government is further directed to serve the Petitioner's counsel with a copy of this order via email at the address listed in the Petition.

It is further ordered that the Petitioner "shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a)." *Gholam Ali Ahmadi v. Almodovar*, No. 26-CV-274 (VSB), 2026 WL 621827, at *3 (S.D.N.Y. Mar. 5, 2026) (quoting *Hyppolite v. Noem*, 808 F.Supp.3d 474, 494 (E.D.N.Y. 2025)); *cf. Rueda Torres v. Francis*, No. 25-CV-8408 (DEH), 2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025). The government is also enjoined from denying bond to the Petitioner in any

subsequent proceeding on the basis that he must be detained pursuant to 8 U.S.C. § 1225(b) and from invoking in that proceeding the automatic stay provision at 8 C.F.R. § 1003.19(i)(2), absent a change in controlling law. *Gholam Ali Ahmadi*, 2026 WL 621827, at *3; *Rueda Torres*, 2025 WL 3168759, at *6.

It is SO ORDERED.

Dated: August 25, 2026
New York, New York



EDGARDO RAMOS
United States District Judge